JOSEPH S. VAN DYKE

*v.*

WILLIAM H. ANDERSON.

[Submitted July 14th, 1914.   Decided July 17th, 1914.]

1. Complainant by a written instrument granted and farm-let unto defendant his certain farm described, defendant agreeing to occupy, till and cultivate the premises during the year beginning April 1st, 1911, in a husband-like manner, and deliver to complainant one-half of the products.  The instrument also required that complainant contribute to the cost of seed, fertilizer, fencing, &c., and that defendant do all the cultivation, repairing of fences, ditching, &c.—*Held,* that defendant was a tenant, and not a mere cropper, and that complainant did not acquire title to any portion of the crop until division, so that an attachment levied thereon as the property of the tenant before division was prior in right.

2. Whenever a dispute arises as to the meaning of a contract, that construction which the parties themselves have placed on it, as between themselves, is the one to be adopted by the courts.

On exceptions to master's report.

*Mr. Linton Satterthwaite,* for the exceptant.

*Mr. Aaron V. Dawes,* for the respondent.

BACKES, V. C.

By an indenture, the complainant, Van Dyke, granted and farm-let unto the defendant, Anderson, his farm situate in Monmouth county, and the latter covenanted and agreed that he would

"occupy, till and cultivate the premises during the year beginning April 1st, 1911, until April 1st, 1912, in a husband-like manner according to the usual course of husbandry  *   *   *   that he will deliver to the party of the first part  *  .  *   *   one-half of the products."

In the document provision is made for the method of division. It also requires of the complainant that he contribute towards the cost of seed, fertilizer, fencing, &c., and of the defendant that he do all of the cultivation, repairing of fences, ditches, &c. Anderson entered into possession and farmed the land until the month of August, 1911, when he disappeared and remained away until about September 9th. During his absence, the complainant filed his bill for an accounting and a receiver. A receiver was appointed on September 12th, who harvested the crops and accounted, showing a balance in his hands of $192.42. On September 2d, the complainant issued an attachment out of the Monmouth circuit court against the defendant for the sum of $195.64, under which the crops were seized. On September 11th, William Kirby levied upon the crops, under an execution issued out of the Monmouth common pleas, to make $175, and on December 2d, Grover Brothers made a levy to recover $89.12. The receiver's account was referred to a master, to examine and also to report the liens against the fund and the order of their priority. The master reported the foregoing facts, and also that the receiver, upon the assumption that the complainant was entitled to one-half of the crops, erroneously paid to him, $507.96. This sum was charged against the receiver, plus the amount reported by the receiver, $192.42, making a total of $700.38, which constitutes the fund to be disposed of. The master further reported that out of these moneys the complainant should be first paid the amount of his debt sworn to in his attachment proceeding; that the Kirby judgment should be paid second, the Grover judgment third, and the balance to the complainant on account of his share of the crops. The exceptions go to the refusal of the master to allow to the complainant, as a prior claim, the value of one-half the crops, being the sum which the receiver had paid to him, and the argument in support is, that Anderson was a cropper; that he and the complainant were owners in common, and that the attachment and judgments were liens only upon the undivided interest of Anderson.

To arrive at his result, the master necessarily concluded that by the terms of the indenture, the farm was rented to the defendant, Anderson, that the crops belonged to him until a division

was made, and that one-half of the yield would be payable as rent.

A division was not made until after the liens attached, and then by the receiver, who, of course, had no authority to do so. The correctness of the master's report depends upon the construction to be given to the indenture. By it Van Dyke "doth grant and to farm-let" unto Anderson the premises for a fixed term. Rent in kind is reserved and exclusive possession is given. This language imports tenancy. Where the contract is manifestly for work and labor, and a share of the crops is given for such services, it should be construed not to create the relation of landlord and tenant, but where it is in form a lease, containing terms of demise, and reserving rent in kind, it should be given effect according to the expressed intention of the parties, and held to create that relationship. *New Jersey Midland Railway Co.* v. *Van Syckle, 37 N. J. Law 496; Reeves* v. *Hannan, 65 N. J. Law 249.* It will be found upon examination of the authorities cited by the complainant in support of his position, that they involve agreements which were clearly for work and labor, for which a share of the crops formed the compensation. *Guest* v. *Opdyke, 31 N. J. Law 552; Edgar* v. *Jewell, 34 N. J. Law 259; Gray* v. *Reynolds, 67 N. J. Law 169.* That the instrument was intended by the parties to create the relation of landlord and tenant is manifest from the construction the complainant himself has placed upon it by his allegations in the bill in this suit. He therein sets forth that

"he let and rented the said farm ＊ ＊ ＊ to Anderson ＊ ＊ ＊ for one year ＊ ＊ ＊ upon condition that said Anderson should render to him as compensation for said occupancy during said term one-half part of all the products of said farm ＊ ＊ ＊ which should be sold and marketed by said Anderson ＊ ＊ ＊ That in pursuance of said indenture of lease, said Anderson and his family moved into possession of said premises ＊ ＊ ＊ and are now in possession thereof ＊ ＊ ＊ that he (complainant) is advised that he cannot safely take possession of said farm ＊ ＊ ＊ because there is no provision contained in the said indenture of lease which would permit your orator to take possession thereof."

Clearly, at the time the bill was filed, Van Dyke regarded himself as landlord and Anderson as his tenant. Whenever a dispute

arises as to the meaning of a contract, that construction which the parties themselves place upon it, and as to which they deal with each other, is, as between them, the one to be adopted, and to be given by the courts.

I agree with the determination of the master, and the exceptions will be overruled, with costs.